[See note to Case No. 6,822.]

---

HUCKINS (JOHNSON v.). · See Case No. 7,-390.

---

# Case No. 6,824.
## The HUD AND FRANK.
### [1 Hask. 192.] 1

District Court, D. Maine. Feb., 1869.

ENROLMENT OF VESSEL—FRAUD—FORFEITURE.

1. A vessel of foreign build, after being wrecked, and purchased, and re-built by a citizen of the United States, and so disguised that an enrolment was obtained for her as a new domestic vessel, is liable to forfeiture under section 24 of the act of 1866 [14 Stat. 184], for being fraudulently enrolled.

2. The forfeiture is not saved by the fact, that she might have been enrolled by the secretary of the treasury under the act of Dec. 23, 1852 [10 Stat. 149], as a foreign vessel, wrecked in the United States, and purchased and repaired by a citizen.

In admiralty. Libel in rem by the United States against schooner Hud and Frank, claiming her forfeiture for being fraudulently enrolled. The owners made claim, and answered, that the schooner, under the law, was substantially a new vessel; and that if she could not be so treated, then she was entitled to be enrolled as a foreign vessel, wrecked in the United States, and purchased and repaired by a citizen, and for that reason not liable to forfeiture.

George F. Talbot, Dist. Atty., for the United States.

---

1 [Reported by Thomas Hawes Haskell, Esq., and here reprinted by permission.]

---

Albert W. Bradbury and Bion Bradbury, for claimants.

FOX, District Judge. It is shown that this vessel was formerly the British brig Emma, built in Nova Scotia, and wrecked off Delaware Breakwater light in the fall of 1866, taken to New York and there condemned. H. J. Hewitt of Rockland advanced for her owners money to pay off certain lien claims, and he afterwards carried her to Rockland in this state, where she was sold at auction, and bought in by Hewitt, as he says, as agent for his brother-in-law, one Simons. The vessel was repaired under the direction of Hewitt at an expense of six or seven thousand dollars, but her form or dimensions were not changed by the repairs. Hewitt applied to the customs officers at Rockland to have her measured, but they refused. She was soon afterwards taken across the bay to Castine by Hewitt, Simons, and the master carpenter, and application was made to the customs officers at that port for her measurement and enrolment, she being represented as a new vessel, built at Rockland that season. One T. S. Fuller represented himself as owner of one-fourth, and Simons claimed to be owner of the remainder. The evidence wholly fails to satisfy the court that Fuller's interests were any other than nominal. In order to have the vessel enrolled at that port where he belonged, he claimed to be the "ship's-husband," and that Simons belonged in New York. The interior of the vessel was painted and so disguised as to deceive the officer who measured her, and when the certificate of the master builder, that she was built in Rockland that season, supported by the oath of Simons to the same effect, was produced, she was enrolled at Castine, as the schooner "Hud and Frank," built in Rockland in 1867. Under this enrolment she was sailing at the time of the seizure.

The 24th section of the act of 1866 (chapter 201) enacts that if any certificate of enrolment shall be knowingly and fraudulently obtained, or used for any vessel not entitled to the benefit thereof, such vessel shall be held to forfeiture. This vessel was not entitled to be enrolled as a new vessel. By fraud and perjury she obtained her enrolment as a new vessel, when she was not thus entitled to such enrolment. But it was claimed that she could have procured an enrolment under the act of Dec. 23, 1852, which authorizes the secretary of the treasury to issue an enrolment to a foreign built vessel, when she shall have been wrecked in the United States, and purchased and repaired by a citizen, if it appears to the satisfaction of the secretary, that the repairs equal three-fourths of the cost of the vessel when so repaired.

This vessel might have claimed an enrolment under this act; but it could only be

obtained from the secretary of the treasury, on his being satisfied as to the extent of the repairs; and she could not have been enrolled by the secretary as a new vessel, built at Rockland in 1866, but as the old brig Emma, built at Sidney, wrecked and repaired at a cost exceeding three-fourths of the value, so that the enrolment she could have procured would have been entirely different from the one in truth obtained. The object was quite apparent, to have her documented as a new vessel, instead of an old one, wrecked and repaired. The case, therefore, is directly within the provision of the act of 1866. She was not entitled to the benefit of the enrolment, which had been fraudulently obtained for her, and she is forfeited.

Decree accordingly.